# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace no supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANT(S)** |
|---|---|
| DIRECTV, INC.<br>**(b)** County of Residence of First Listed Plaintiff Los Angeles, CA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | ANDREW VU, NICHOLAS SALDIVAR, MARTIN SAY, STEFFEN C. STAIGER, NGIA T. VO, LINDA WHEELER, DAVID WHEELER, NOAH B. WHEELER and RAYMOND E. WRIGHT<br><br>County of Residence of First Listed Defendant Dallas, Texas<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br><br>Andrew G. Jubinsky, Chris A. Barrow, Raymond E. Walker<br>Figari, Davenport & Graves, L.L.P.<br>3400 Bank Of America Plaza<br>Dallas, TX 75202-3796<br>(214) 939-2000 | Attorneys (If Known)<br><br>3-03CV-2719H |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U S Government Plaintiff | ☒ 3 | Federal Question (U S Government Not a Party) |
| ☐ 2 | U S Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINICPAL PARTIES (Pace an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place and "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damages Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus,
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environment Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

## VI. CAUSE OF ACTION (Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdiction statutes unless diversity )

47 U.S.C. § 605, 18 U.S.C. §§ 2511, 2512. Possession, sale and/or use of prohibited piracy devices.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

**DEMAND $ 100,000.00** CHECK YES only if demanded in compliant
**JURY DEMAND** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ____________ DOCKET NUMBER ____________

DATE 11/7/03 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG JUDGE ________

NORTHERN DISTRICT OF TEXAS
FILED
NOV - 7 2003
CLERK, U.S. DISTRICT COURT
By ______________
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DIRECTV, Inc.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. ____________** |
| | § | |
| **ANDREW VU, NICHOLAS SALDIVAR, MARTIN SAY, STEFFEN C. STAIGER, NGIA T. VO, LINDA WHEELER, DAVID WHEELER, NOAH B. WHEELER and RAYMOND E. WRIGHT,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF DIRECTV, INC.'S ORIGINAL COMPLAINT**

Plaintiff, DIRECTV, Inc. ("DIRECTV"), by and through its attorneys, complaining of the Defendants herein, respectfully sets forth and alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This lawsuit involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming. Federal communication and state laws prohibit the assembly, distribution, possession, and use of the devices and equipment in question. DIRECTV brings this lawsuit seeking damages and injunctive relief against the Defendants for the assembly, distribution, possession, and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communication signals.

## II. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2. DIRECTV is a California-based company in the business of distributing satellite television broadcasts throughout the United States. Over the company's life, DIRECTV has invested billions of dollars to develop a satellite system capable of transmitting various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes (the "Satellite Programming"). DIRECTV relays digital signals from within the United States up to satellites hovering thousands of miles above Earth. Those signals are then broadcast back to Earth. The Satellite Programming is received through the use of a fixed outdoor satellite dish ("Satellite Dish") designed to capture satellite signals. The Satellite Dish is connected by cable to an indoor satellite receiver ("Satellite Receiver") which is then connected by cable to a television monitor.

3. While the signal is beamed from space to various areas and can be received by installing a Satellite Dish, the signal is not usable without paying DIRECTV a fee to use its television broadcast services. To prevent the unauthorized reception and use of DIRECTV's broadcasts by individuals who have not paid for its service, DIRECTV uses encryption technology to digitally scramble the signal, making the signal unusable until it is unscrambled. The Satellite Receiver is the component that makes descrambling possible. Each Satellite Receiver contains a removable access card that manages the opening and closing of television channels offered by DIRECTV (the "Access Card"). An Access Card is identical in size and shape to a credit card, but also holds a computer-type chip that stores and applies the information necessary to unscramble the satellite signals being received through the Satellite Dish. When properly operated, Access Cards can be electronically programmed by DIRECTV to close or

open television channels. It is, however, the programmable nature of these Access Cards that is the primary basis for this dispute.

4. Once a DIRECTV customer pays a subscription fee, DIRECTV electronically directs the Access Card to unscramble portions of the satellite signal allowing customers to view programs on their televisions and/or listen to certain high quality audio programs communicated by satellite. Through the Access Card, DIRECTV can provide many different levels of service to individual customers. Each customer usually pays for the service on a monthly basis. In addition to the programming packages paid for on a monthly basis, certain DIRECTV satellite broadcasts, such as professional sports packages and pay-per-view movies, remain blocked and can be spontaneously purchased on a per-show or per-package basis using the customer's remote control or through a telephone call to DIRECTV. The Access Card records those purchases.

5. DIRECTV's main revenue source is subscriptions paid by properly authorized users of its signals; obviously then, DIRECTV has a significant interest in preventing the unauthorized receipt and use of the Satellite Programming. Despite the encryption technology used to protect the DIRECTV signal, there are many individuals within the United States and surrounding foreign countries involved in the development of devices and equipment (including the illegal programming of valid Access Cards) used to surreptitiously pirate DIRECTV's signals (collectively referred to as "Pirate Access Devices"). The use of such Pirate Access Devices commonly provides the user with access to all of the Satellite Programming with no payment to the company.

6. Upon information and belief, Defendants in this action are residents of the State of Texas. Upon information and belief, the Defendants have purchased and used illegal Pirate

Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by, or payment to, DIRECTV.

***DIRECTV Obtained Records Related to The Computer Shanty.***

7. DIRECTV conducted a raid on or about December 1, 2001, after considerable processing of the records, DIRECTV discovered the information leading to Defendants and executed Writs of Seizure with the assistance of the US Marshall's Service on the business and residence of Scott Gray, The Computer Shanty (Shanty.com). The Computer Shanty was physically located in El Paso, Texas, but due to the expansive reach of internet sales, The Computer Shanty was able to conduct business nationwide and across many countries. The Computer Shanty business enterprise focused on distributing electronic devices primarily designed for the surreptitious interception of satellite communications broadcast by DIRECTV.

8. DIRECTV's raid revealed information related to The Computer Shanty and its customers. DIRECTV obtained various business records evidencing the ongoing illegitimate enterprise, including orders, invoices, electronic communications, shipping documentation, purchase receipts, credit card receipts and customer lists. Each record confirmed the existence of a distribution source for the country-wide transmission of devices primarily designed for the unauthorized interception of DIRECTV's Satellite Programming. Moreover, the records plainly evidenced that The Computer Shanty provided its services to actively program and reprogram DIRECTV Access Cards at the request of customers eager to ***continue*** illegal access to DIRECTV's television programming without payment to DIRECTV. The Computer Shanty customers ordinarily placed orders over various websites operated by The Computer Shanty including www.shanty.com/programmers.htm, core.eftscure.support@eftnet.com, www.shanty.com, and shanty@elp.rr.com.

9. Pertinently, the business records obtained in the raid evidence each Defendant's purchases of Pirate Access Devices from The Computer Shanty, and in reliance on those records and other information, and upon information and belief, DIRECTV brings this lawsuit against the Defendants for their purchase, possession, modification, manufacture, assembly, and/or use of Pirate Access Devices.

10. The Defendants' activities violate federal telecommunication and wiretapping laws and state statutory and common law. As a result of the Defendants' decisions to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against the Defendants' continued possession and/or use of Pirate Access Devices.

## III. JURISDICTION

11. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

12. This lawsuit is brought pursuant to several federal statutes prohibiting the interception of satellite communications, including the Cable Communications Policy Act of 1984 (47 U.S.C. § 521, *et seq.*) (the "Communications Act") and the Electronic Communications Policy Act of 1986 (18 U.S.C. § 2510, *et seq.*), Texas law (Tex. Civ. Prac. & Rem. Code §123.002, *et seq.*), and as an action for injunctive relief and damages for the improper receipt, transmission, and use of satellite programming signals. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Moreover, this Court has supplemental jurisdiction over DIRECTV's state law claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over the Defendants in this action. The activities of which DIRECTV complains and which give rise to this action took place in the State of Texas; more particularly, the Defendants' acts violating federal laws and DIRECTV's proprietary rights as distributor of the satellite programming transmission signals took place within the Northern District of Texas. Further, upon information and belief, Defendants reside within the State of Texas; thus, this Court has personal jurisdiction over Defendants.

## IV. VENUE

14. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b), as this action arises under the laws of the United States and Defendants reside within the State of Texas. Moreover, a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Texas (28 U.S.C. § 124).

## V. PARTIES

16. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

17. Plaintiff, DIRECTV, is at all times relevant hereto a corporation incorporated under the laws of the State of California. As a major distributor of satellite television programming, DIRECTV has a significant interest in maintaining and securing the integrity of its satellite transmissions of television programming and in prohibiting the unauthorized reception and use of the same.

18. As part of its efforts to combat piracy, DIRECTV periodically develops and administers electronic countermeasures, which are commonly referred to in the satellite piracy

community as "ECMs." ECMs involve sending a stream of data that targets access cards using known modified software code and disables those access cards.

19. In response to DIRECTV's ECMs, and in particular to a highly successful ECM known in the pirate community as "Black Sunday," satellite pirates have developed devices referred to as, among other things, including but not limited to bootloaders, dead processor boot boards, glitchers, HU loaders, emulators, unloopers, and programmers that employ hardware and software and/or a combination of purchases to restore pirate access cards' ability to illegally circumvent DIRECTV's encryption protection and view DIRECTV programming.

20. Upon information and belief, Defendant, Andrew Vu ("Defendant Vu"), resides and/or conducts business in Garland, Texas and may be served at 1609 Fern Drive, Garland, Texas 75040. Upon information and belief, Defendant Vu purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Vu placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about May 26, 2001, Defendant Vu purchased one (1) "Netsignia 210 Shanty III Emulator Bootloader" from The Computer Shanty. The order was shipped to Defendant Vu at Defendant's address in Garland, Texas.

b. Upon information and belief, on or about June 16, 2001, Defendant Vu purchased one (1) "Shanty Unlooper 45 Minute Phone Card" from The Computer Shanty. The order was shipped to Defendant Vu at Defendant's address in Garland, Texas.

c. Upon information and belief, on or about June 16, 2001, Defendant Vu purchased one (1) "50 Foot CATS Cable with Coupler Unit" from The Computer Shanty. The order was shipped to Defendant Vu at Defendant's address in Garland, Texas.

e. Upon information and belief, on or about June 27, 2001, Defendant Vu purchased one (1) "Shanty Blue Powered Emulator Complete w/ Cables" from The Computer Shanty. The order was shipped to Defendant Vu at Defendant's address in Garland, Texas.

f. Upon information and belief, on or about June 27, 2001, Defendant Vu purchased one (1) "Netsignia 210 Programmer" from The Computer Shanty. The order was shipped to Defendant Vu at Defendant's address in Garland, Texas.

21. Upon information and belief, Defendant, Nicholas Saldivar ("Defendant Saldivar"), resides and/or conducts business in Grand Prairie, Texas and may be served at 3433 Racquet Club, Grand Prairie, Texas 75052. Upon information and belief, Defendant Saldivar purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Saldivar placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about November 11, 2000, Defendant Saldivar purchased one (1) "Wildthing X Super Unlooper" from The Computer Shanty. The order was shipped to Defendant Saldivar at Defendant's address in Grand Prairie, Texas.

22. Upon information and belief, Defendant, Martin Say ("Defendant Say"), resides and/or conducts business in Irving, Texas and may be served at 2913 West Rochelle, Irving, Texas 75062. Upon information and belief, Defendant Say purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Say placed each order by

a. Upon information and belief, on or about July 24, 2001, Defendant Vo purchased one (1) "Shanty Ultimate with Power Supply and Cable" from The Computer Shanty. The order was shipped to Defendant Vo at Defendant's address in Grand Prairie, Texas.

25. Upon information and belief, Defendant, Linda Wheeler ("Defendant Linda Wheeler"), resides and/or conducts business in Dallas, Texas and may be served at 3114 Mayhew Drive, Dallas, Texas 75228. Upon information and belief, Defendant Linda Wheeler purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Linda Wheeler placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about March 6, 2001, Defendant Linda Wheeler purchased one (1) "Emulator Complete with Cables" from The Computer Shanty. The order was shipped to Defendant Linda Wheeler at Defendant's address in Dallas, Texas.

b. Upon information and belief, on or about March 14, 2001, Defendant Linda Wheeler purchased one (1) "Boot Loader" from The Computer Shanty. The order was shipped to Defendant Linda Wheeler at Defendant's address in Dallas, Texas.

c. Upon information and belief, on or about March 14, 2001, Defendant Linda Wheeler purchased one (1) "Netsignia 210 Programmer" from The Computer Shanty. The order was shipped to Defendant Linda Wheeler at Defendant's address in Dallas, Texas.

d. Upon information and belief, on or about May 11, 2001, Defendant Linda Wheeler purchased one (1) "Netsignia 210 Emulator Complete with Cables Bootloader" from The Computer Shanty. The order was shipped to Defendant Linda Wheeler at Defendant's address in Dallas, Texas.

26. Upon information and belief, Defendant, David Wheeler ("Defendant David Wheeler"), resides and/or conducts business in Dallas, Texas and may be served at 2929 Mayhew Dr., Dallas, Texas 75228. Upon information and belief, Defendant David Wheeler purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant David Wheeler placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about February 20, 2001, Defendant David Wheeler purchased one (1) "Emulator Complete with Cables" from The Computer Shanty. The order was shipped to Defendant David Wheeler at Defendant's address in Dallas, Texas.

b. Upon information and belief, on or about May 21, 2001, Defendant David Wheeler purchased one (1) "Boot Loader Red" from The Computer Shanty. The order was shipped to Defendant David Wheeler at Defendant's address in Dallas, Texas.

27. Upon information and belief, Defendant, Noah B. Wheeler ("Defendant Noah B. Wheeler"), resides and/or conducts business in Dallas, Texas and may be served at 3114 Mayhew, Dallas, Texas 75228. Upon information and belief, Defendant Noah B. Wheeler purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Noah B. Wheeler placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about November 24, 2001, Defendant Noah B. Wheeler purchased one (1) "Bootloader" from The Computer Shanty. The order was shipped to Defendant Noah B. Wheeler at Defendant's address in Dallas, Texas.

28. Upon information and belief, Defendant, Raymond E. Wright ("Defendant Wright"), resides and/or conducts business in Grand Prairie, Texas and may be served at 2022 Montanaq Trail, Grand Prairie, Texas 75052. Upon information and belief, Defendant Wright purchased one or more Pirate Access Devices from The Computer Shanty as described below. Defendant Wright placed each order by using interstate or foreign wire facilities, and received orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a. Upon information and belief, on or about February 21, 2001, Defendant Wright purchased one (1) "Atmel SU2 WTX Coded" from The Computer Shanty. The order was shipped to Defendant Wright at Defendant's address in Grand Prairie, Texas.

29. Defendants are sometimes hereinafter collectively referred to as "Defendants."

30. Upon information and belief, the Defendants received Pirate Access Devices through various mail sources, effectively importing such illegal devices into the State of Texas, and have a reason to know that such devices are used to illicitly decrypt Satellite Programming. Upon information and belief, the Defendants displayed Satellite Programming and such Satellite Programming was displayed without authorization from DIRECTV. Importantly, the Defendants' possession and use of Pirate Access Devices provides them with access to all television programs transmitted by DIRECTV, including all pay-per-view movies, boxing and other special programs, and sports programming at all times. The value of the programs that the

Defendants were capable of viewing without authorization may easily reach thousands of dollars in a single year.

31. Upon information and belief, DIRECTV alleges that the Defendants received the Satellite Programming by means including but not limited to: (a) maintaining Satellite Dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable him to receive, unscramble, and exhibit encrypted Satellite Programming transmissions without authorization; and/or (b) by such other means to effectuate the unauthorized reception of the Satellite Programming which are unknown to DIRECTV and known only to the Defendants.

## VI. DISCOVERY OF ILLEGAL CONDUCT

32. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33. DIRECTV devotes significant resources to preventing the unauthorized reception of its Satellite Programming and identifying persons or businesses engaged in such illegal activity. Despite these efforts, DIRECTV first obtained the mass of records after the raids as indicated in the foregoing paragraphs. More importantly, DIRECTV first discovered the Defendants' identities and involvement in pirating Satellite Programming after spending significant time analyzing and interpreting those records.

## VII. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act (47 U.S.C. § 605(e)(3)(C))

34. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

35. DIRECTV alleges, upon information and belief, that the Defendants effected unauthorized interception and receipt of Satellite Programming through use of illegal satellite decoding devices, or by manipulation of the satellite system authorized to carry the Satellite Programming where the Defendants are located, or by such other means which are unknown to DIRECTV and known only to the Defendants.

36. Each act by each Defendant violates federal law. The Defendants, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception, and exhibition of Satellite Programming transmitted by DIRECTV. Further, upon information and belief, the Defendants used such communications for their own benefit or for the benefit of others who were not entitled to such communications. Each of his acts is a practice prohibited by 47 U.S.C. § 605(a).

37. DIRECTV is a person aggrieved by the Defendants' violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendants pursuant to 47 U.S.C. § 605(e)(3)(A).

38. The Defendants' violations of 47 U.S.C. § 605 have injured and will continue to injure DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages, and profits obtained by the Defendants attributable to their illegal conduct.

39. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. § 605(a).

**Count 2 - Damages for Violations of 18 U.S.C. § 2511**

40. DIRECTV hereby incorporates by reference the foregoing paragraphs of this

Complaint as if fully set forth herein.

41. For further cause of action, DIRECTV alleges that the Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. The Defendants further disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having a reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511. Upon information and belief, the Defendants further intentionally used or endeavored to use the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511.

42. DIRECTV is a person whose electronic communications are being intercepted, disclosed, and/or intentionally used in violation of 18 U.S.C. § 2511.

43. Due to the Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the Defendants as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day the Defendants acted in violation of 18 U.S.C. § 2511.

**Count 3 - Damages for Possession, Manufacture, and/or Assembly of**
**<u>Electronic, Mechanical, or Other Device or Equipment</u>**
**(18 U.S.C. § 2512)**

44. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

45. By way of its third cause of action, DIRECTV alleges that the Defendants intentionally possessed, manufactured, and/or assembled an electronic, mechanical, or other

device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce. More particularly, the Defendants, each of them himself or herself, or someone at his or her direction, sent and/or received Pirate Access Devices by means of the United States Postal Service or commercial mail carrier.

46. DIRECTV is a person whose electronic communications are being intercepted, disclosed, and/or intentionally used in violation of 18 U.S.C. § 2512.

47. Due to the Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV as a result of the Defendants' conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day the Defendants acted in violation of 18 U.S.C. § 2512.

**Count 4 - Damages for Willful Assembly or Modification of Devices or Equipment (47 U.S.C. § 605(e)(4))**

48. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

49. Upon information and belief, the Defendants knowingly manufactured, assembled, or modified an electronic, mechanical, or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily to facilitate the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity. Upon information and belief, the Defendants actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining the Satellite Programming. Further, by removing and inserting

Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, the Defendants engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.

50. Such conduct by the Defendants violates 47 U.S.C. § 605(e)(4) and entitles DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II).

51. DIRECTV is a person aggrieved by the Defendants' independent violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendants pursuant to 47 U.S.C. § 605(e)(3)(A).

## Count 5 - Civil Conversion

52. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

53. By virtue of the conduct set forth above, the Defendants have unlawfully converted DIRECTV's property for the Defendants' use and benefit.

54. Such conversion was done intentionally and wrongfully by the Defendants to deprive DIRECTV of its proprietary interests and for the Defendants' direct benefit and advantage.

55. Due to the Defendants' wrongful conversion of the Satellite Programming, DIRECTV suffered damages.

## Count 6 – Interception of Communication
**(TEX. CIV. PRAC. & REM. CODE § 123.001, *et seq.*)**

56. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

57. DIRECTV transmits satellite communications in part by wire or cable. More specifically, the Satellite Dish, receivers, and television necessary to utilize the Satellite Programming are connected by wire and cable. Finally, the Satellite Programming contains information that is obtained and/or perceived by aural acquisition, particularly including all audio communication services that accompany video transmissions.

58. Upon information and belief, the Defendants acquired and/or used Pirate Access Devices to intercept, or attempt to intercept, the Satellite Programming information constituting an extraordinary use of satellite and television viewing equipment. The Defendants' conduct violates Chapter 123 of the Texas Civil Practice and Remedies Code. As a result of the Defendants' conduct, DIRECTV may obtain statutory damages of $10,000 for each occurrence, punitive damages, and reasonable attorneys' fees and costs.

## VIII. REQUEST FOR INJUNCTIVE RELIEF

59. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

60. DIRECTV further alleges that unless restrained by this Court, the Defendants will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization by or payment to DIRECTV in violation of 47 U.S.C. § 605.

61. The violations of 47 U.S.C. § 605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

62. DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from the Defendants' unlawful conduct. In addition to diminishing DIRECTV's revenues, the Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality

programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability. DIRECTV has no adequate remedy at law to redress the violations set forth above.

63. Further, DIRECTV is entitled to preliminary and other equitable or declaratory relief as may be appropriate under the circumstances in accordance with 18 U.S.C. § 2520(b)(1). DIRECTV requests that the Defendants be directed to cease the use of any and all Pirate Access Devices, relinquish all such devices to DIRECTV, and not engage in such conduct in the future.

## IX. PRAYER

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against each Defendant in the form as follows:

a. Declare that the Defendants' assembly, modification, distribution, and possession of illegal devices or equipment, unauthorized interception, reception, and exhibition of DIRECTV's electronic communications, or their assistance in the performance of such unauthorized actions, is a violation of 47 U.S.C. § 605, 18 U.S.C. § 2511 & § 2512, and TEX. CIV. PRAC. & REM. CODE § 123.002;

b. Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. § 605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 47 U.S.C. § 605;

c. Alternatively, award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day the Defendants violated 18 U.S.C. § 2511 and/or § 2512, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 18 U.S.C. § 2511 or § 2512;

d. Alternatively, award DIRECTV statutory damages of $10,000 for each violation of TEX. CIV. PRAC. & REM. CODE § 123.002;

e. In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin the Defendants, and all persons in active concert or participation with them, from (i) possessing illegal access cards or other illegal devices or equipment, (ii) interfering with DIRECTV's proprietary rights, (iii) intercepting, receiving, divulging, or displaying the Satellite Programming without prior written consent of DIRECTV, and (iv) acting in further violation of the above-described statutes;

f. Award DIRECTV punitive damages as provided by statutory law;

g. Award DIRECTV its costs, including reasonable attorneys' fees, pre-judgment and post-judgment interest; and

h. Award such other relief to which DIRECTV may be entitled.

DATED this 7th day of November 2003.

Respectfully submitted,

By:______________________

Andrew G. Jubinsky
State Bar No. 11043000
Chris A. Barrow
State Bar No. 24031843
Raymond E. Walker
State Bar No. 24037663

FIGARI DAVENPORT & GRAVES, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (FAX)

OF COUNSEL:

Frederick Black
State Bar No. 02371100
Andrew J. Mytelka
State Bar No. 14767700

GREER HERZ & ADAMS, LLP
One Moody Plaza
18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

**ATTORNEYS FOR PLAINTFF**